UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE A. BLAND; MICHAEL BLAND, <br><br>  Plaintiffs, <br><br> v. <br><br> THE CARONE FAMILY TRUST, *et al.*, <br><br>  Defendants. | Civil No. 07-CV-418-L(RBB) <br><br> **ORDER GRANTING DEFENDANTS' REQUEST FOR LIFTING OF THE INJUNCTION ORDER [doc. #43]** |

Plaintiffs filed this action on March 6, 2007, alleging violations of the Truth in Lending Act ("TILA") and Home Ownership and Equity Protection Act of 1994 ("HOEPA"). Plaintiffs sought and were granted a TRO on March 19, 2007, to prevent a foreclosure sale of their home by defendants. [doc. #21]  The Court subsequently granted plaintiffs a preliminary injunction. (Order filed April 10, 2007 [doc. #34])

With the assistance of Magistrate Judge Ruben B. Brooks, the parties entered into a settlement agreement as follows:

   1.   Plaintiffs would pay defendant $340,000 of which $5,000 would come from the release of plaintiffs' bond posted with the Court and $335,000 from the refinancing of their home.

   2.   The loan was to be completed within 60 days (June 18, 2007), with one extension of up to 30 days (July 18, 2007) in which to distribute the money to defendant.

   3.   If plaintiffs succeeded in obtaining the loan, all deeds and liens held by defendant subject to this case would be released.

    4.    If plaintiffs failed to obtain the loan or to distribute the amount within the time period set forth, plaintiffs' case would be dismissed with prejudice and defendant would be authorized to proceed with the foreclosure of the property.

(Motion for relief from injunction, Exh. 1)

In accordance with the settlement agreement, plaintiffs released the bond amount, $5,000, to defendants, and defendants released their liens on plaintiffs' other properties in order to facilitate short sales of those properties. Defendants received from plaintiffs a letter from Countrywide (a mortgage lender), dated June 18, 2007, that indicated plaintiffs' loan had been approved. June 18, 2007, however, was the date the loan transaction was to have been completed. Further assurances that the loan was going to go through and be funded were not given; therefore, the parties again met with Magistrate Judge Brooks on July 12, 2007. Plaintiffs advised the court and defendants that they would provide additional information concerning the status of the loan.

Defendants filed the present *ex parte* request for relief from the injunction on July 18, 2007. In this request, defendants seek to have the injunction lifted so that plaintiffs' home can be foreclosed. On July 23, 2007, the Court held a hearing on defendants' *ex parte* request. At that hearing, plaintiffs were granted a thirty-day extension of time in which to obtain funds for the repayment of the $335,000 they owed to defendants under their settlement agreement.[1] Defendants' *ex parte* request for relief from the injunction was held in abeyance until the thirty-day extension expired. The Court indicated at the hearing that it would grant defendants' *ex parte* request if plaintiffs had not provided the money due defendants within the thirty-day extension of time.

On August 22, 2007, defendants filed a Notice [doc. #54] which pointed out that they had not received the money due, nor had they received any further proof of the progress of plaintiffs' loan. (Notice at 2-3). The Court has not received a response from plaintiffs to defendants' Notice or to defendants' original *ex parte* application for relief from the injunction.

---

[1] Because of the further delay in obtaining repayment, plaintiffs were ordered to pay interest for the thirty-day extension of time, at a rate of 15% per annum ($4,500) on the balance to be paid to defendants.

Good cause appearing, **IT IS ORDERED** that:

1. Defendants' *ex parte* request for relief from injunction in accordance with the settlement agreement is **GRANTED.** The injunction is dissolved with the filing of this Order.

2. Plaintiffs shall file a notice of dismissal of this action with prejudice within ten days of the filing of this Order.

**IT IS SO ORDERED.**

DATED: August 23, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL